**UNITED STATES of America, Appellee,**

v.

**Frank CANGIANO et al., Appellants.**

**Nos. 1125, 1146 thru 1149, Dockets 71–2104 thru 71–2109.**

United States Court of Appeals, Second Circuit.

Submitted Aug. 30, 1973.

Decided Dec. 27, 1973.

Henry J. Boitel, New York City, for appellants Frank Cangiano and Cosmo Cangiano.

Joseph L. Belvedere, Brooklyn, N. Y., for appellant Dominick Ariale.

Philip Brown, Brooklyn, N. Y., for appellants Thomas Gambardella and Anthony DeRamo.

Robert A. Morse, U. S. Atty., L. Kevin Sheridan and James A. Pascarella, Asst. U. S. Attys., Brooklyn, N. Y., for appellee.

Before FRIENDLY and TIMBERS, Circuit Judges, and JAMESON,* District Judge.

* Senior District Judge of the District of Montana, sitting by designation.

PER CURIAM:

The Supreme Court, in a per curiam order entered June 25, 1973, 413 U.S. 913, remanded the above case to us for further consideration in light of Miller v. California, 413 U.S. 15 (1973), and other cases decided the same day.[1] The instant case now before us for reconsideration on remand is among some 60 cases similarly remanded on June 25, 1973 for further consideration in light of the *Miller* series of opinions. See United States v. Thevis, 484 F.2d 1149, 1154 (5 Cir. 1973).

In our previous opinion of June 26, 1972, 464 F.2d 320, we affirmed the convictions of the five above named appellants entered after a twelve day jury trial in the Eastern District of New York before Chief Judge Jacob Mishler finding them guilty of transporting obscene materials in interstate commerce for the purpose of sale, and conspiring to do so, in violation of 18 U.S.C. §§ 1465 and 371 (1970). The principal contentions raised by appellants on their appeals, and ruled upon by us, related to the legality of various searches and seizures conducted by the FBI in gathering evidence against appellants. We held, as did the district court after a lengthy pretrial suppression hearing, that appellants' Fourth Amendment rights had not been violated.

Immediately upon learning of the Supreme Court's remand order of June 25, 1973, we entered an order on June 29, 1973 directing the parties to file supplemental briefs. They did. We have carefully re-examined the entire record in light of these briefs and in light of the decisions of the Supreme Court set forth in its remand order herein. *Supra*

note 1. We have concluded, after further consideration as ordered by the Supreme Court, that we should adhere to our previous decision of June 26, 1972. We therefore affirm the convictions of each of the appellants.

Since appellants were convicted after a fair trial on the basis of overwhelming evidence of crimes committed more than five years ago, we order that the mandate issue forthwith.

Affirmed.

---

1. The Supreme Court's per curiam order of June 25, 1973, remanding the instant case and others, reads as follows:

   "Certiorari granted, judgments vacated, and cases remanded to the respective United States Courts of Appeals for further consideration in light of Miller v. California, [413 U.S. 15 (1973)]; Paris Adult Theatre I v. Slaton, [413 U.S. 49 (1973)]; Kaplan v. California, [413 U.S. 115 (1973)]; United States v. 12 200-ft. Reels Film, [413 U.S. 123 (1973)]; United States v. Orito, [413 U.S. 139 (1973)]; Heller v. New York, [413 U.S. 483 (1973)]; Roaden v. Kentucky, [413 U.S. 496 (1973)]; and Alexander v. Virginia, [413 U.S. 836 (1973)]."