No. 73–1076. CANGIANO ET AL. *v.* UNITED STATES. C. A. 2d Cir. Certiorari denied. MR. JUSTICE DOUGLAS, being of the view that any federal ban on obscenity is prohibited by the First Amendment (see *United States* v. *12 200-ft. Reels of Film,* 413 U. S. 123, 130 (1973)

(DOUGLAS, J., dissenting)), would grant certiorari and reverse the judgment.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

Petitioners were convicted in the United States District Court for the Eastern District of New York of transporting allegedly obscene materials in interstate commerce for the purpose of sale in violation of 18 U. S. C. § 1465, which provides in pertinent part as follows:

> "Whoever knowingly transports in interstate or foreign commerce for the purpose of sale or distribution any obscene, lewd, lascivious, or filthy book, pamphlet, picture, film, paper, letter, writing, print, silhouette, drawing, figure, image, case, phonograph recording, electrical transcription or other article capable of producing sound or any other matter of indecent or immoral character, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

The Court of Appeals for the Second Circuit affirmed the convictions, 464 F. 2d 320 (1973). This Court vacated the judgment and remanded the case to the Court of Appeals for further consideration in light of *Miller* v. *California,* 413 U. S. 15 (1973), and companion cases. 413 U. S. 913. The Court of Appeals again affirmed the convictions. 491 F. 2d 905.

I adhere to my dissent in *United States* v. *Orito,* 413 U. S. 139, 147 (1973), in which, speaking of 18 U. S. C. § 1462, which is similar in scope to § 1465, I expressed the view that "[w]hatever the extent of the Federal Government's power to bar the distribution of allegedly obscene material to juveniles or the offensive exposure of such material to unconsenting adults, the statute before us is clearly overbroad and unconstitutional on its face." *Id.,*

at 147–148. For the reasons stated in my dissent in *Miller* v. *California, supra,* at 47, I would therefore grant certiorari, and, since the judgment of the Court of Appeals for the Second Circuit was rendered after *Orito,* reverse.* In that circumstance, I have no occasion to consider whether the other questions presented merit plenary review. See *Heller* v. *New York,* 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).

Moreover, on the basis of the Court's own holding in *Jenkins* v. *Georgia, ante,* p. 153, its denial of certiorari is improper. As permitted by Rule 21 (1) of the Rules of this Court, which provides that the record in a case need not be certified to this Court, the petitioners did not certify the allegedly obscene materials involved in this case. It is plain, therefore, that the Court, which has not requested the certification of those materials, has failed to discharge its admitted responsibility under *Jenkins* independently to review those materials under the second and third parts of the *Miller* obscenity test. Nor can it be assumed that the court below performed such a review, since that responsibility was not made clear until *Jenkins.* Petitioners have thus never been provided the independent judicial review to which the Court held them entitled in *Jenkins.* At a minimum, the Court should vacate the judgment below and remand for such a review.

Finally, it does not appear from the petition and response that the obscenity of the disputed materials was adjudged by applying local community standards. Based on my dissent in *Hamling* v. *United States, ante,* p. 141,

---

*Although four of us would grant certiorari and reverse the judgment, the Justices who join this opinion do not insist that the case be decided on the merits.

I believe that, consistent with the Due Process Clause, petitioners must be given an opportunity to have their case decided on, and to introduce evidence relevant to, the legal standard upon which their convictions have ultimately come to depend. Thus, even on its own terms, the Court should vacate the judgment below and remand for a determination whether petitioners should be afforded a new trial under local community standards.