**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Arthur Randall SANDERS, Jr., Gulf Coast News Agency, Inc., Trans World America, Inc., a/k/a TWA, Inc. and William Walter, Defendants-Appellants.**

**No. 77–5715.**

United States Court of Appeals, Fifth Circuit.

June 15, 1979.

Glenn Zell, Atlanta, Ga., for Sanders, Gulf, TWA.

* District Judge, Western District of Louisiana, sitting by designation.

W. Michael Mayock, Los Angeles, Cal., for Walter.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Donald B. Nicholson, Philip Wilens, Chief, Dept. of Justice, Govt. Regulations & Labor Sec., Crim. Div., Washington, D. C., for plaintiff-appellee.

## ON PETITIONS FOR REHEARING AND PETITIONS FOR REHEARING EN BANC

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

The Petitions for Rehearing are DENIED and the Court having been polled at the request of one of the members of the Court and a majority of the Circuit Judges who are in regular active service not having voted in favor of it (Rule 35, Federal Rules of Appellate Procedure, Local Fifth Circuit Rule 16), the Petitions for Rehearing En Banc are also DENIED.

Appellants contend that the Government in this case engaged in prior restraint in violation of the First Amendment. However, the majority of the panel (Judges Ainsworth and Clark) point out that this Court held in *United States v. Bush,* 5 Cir., 1979, 582 F.2d 1016, 1021 (Morgan, J.) that the appropriate remedy for such a violation is "return of the . . . property, . . not its suppression as evidence at trial." *See also United States v. Echols,* 5 Cir., 1978, 577 F.2d 308.

Thus, even had the Government "abridge[d] the public's First Amendment right to access to" expressive matter in this case, the proper remedy would be "return of the allegedly obscene materials" to the owner, with the Government retaining sample films for evidentiary purposes, "not sup-pression of these items at a subsequent obscenity trial." *United States v. Cangiano,* 2 Cir., 1972, 464 F.2d 320, 328, *vacated on other grounds,* 413 U.S. 913, 93 S.Ct. 3047, 37 L.Ed.2d 1023, *on remand,* 491 F.2d 905, *cert. denied,* 418 U.S. 934, 94 S.Ct. 3223, 41 L.Ed.2d 1171 (1974); *Huffman v. United States,* 1971, 152 U.S.App.D.C. 238, 244, 470 F.2d 386, 392. *See United States v. Womack,* 1974, 166 U.S.App.D.C. 35, 49–50 n.48, 509 F.2d 368, 382–83 n.48; *United States v. Sherwin,* 9 Cir., 1976, 539 F.2d 1, 8 n.11 (en banc). *Cf. United States v. Alexander,* 8 Cir., 1970, 428 F.2d 1169, 1176; *Tyrone, Inc. v. Wilkinson,* 4 Cir., 1969, 410 F.2d 639, 641; *Metzger v. Pearcy,* 7 Cir., 1968, 393 F.2d 202, 204.

We have found no decision that has deviated from the foregoing authority and that has applied the exclusionary rule under circumstances similar to those here. There was no First or Fourth Amendment violation in this case, and therefore exclusion of the sexually explicit films from evidence in this case would have been erroneous.